UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

PIZZA ON 23RD CORP,

                Plaintiff,

    - against -

LIBERTY MUTUAL INSURANCE
COMPANY,

               Defendant.

**ORDER**

22 Civ. 10284 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Pizza on 23rd Corp. brings this action against Defendant Ohio Security Insurance Company[1] alleging breach of contract and a bad faith coverage denial. (First Am. Cmplt. ("FAC") (Dkt. No. 19))

        Defendant Ohio Security has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Def. Mot. (Dkt. No. 26)) For the reasons stated below, Ohio Security's motion will be granted.

---

[1] The Complaint names Liberty Mutual Insurance Company as Defendant, but according to Liberty Mutual's Fed. R. Civ. P. Rule 7.1 corporate disclosure statement, the proper defendant is Ohio Security Insurance Company. (See Def. 7.1 Statement (Dkt. No. 4)) In its Answer, Ohio Security explains that "Liberty Mutual Insurance Company did not issue a policy of insurance to Plaintiff or otherwise enter into a contract with Plaintiff and is wrongly named as a defendant." (Answer (Dkt. No. 20) at 12)

**BACKGROUND**

I.  **FACTS**[2]

On June 16, 2020, "Defendant sold and issued a policy of insurance . . . to Plaintiff, which . . . covered damage and losses to Plaintiff's Business and personal property within the Business."  (FAC (Dkt. No. 19) ¶ 13)  The policy states that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."  (Cossolini Decl., Ex. 1 (Dkt. No. 28-1) at 27) [3]

"On or about July 1, 2020, water began to leak into Plaintiff's Business and personal property within the Business."  (FAC (Dkt. No. 19) ¶ 14)  As a result of the water leak, "Plaintiff sustained substantial damage and losses to [its] Business and personal property within the Business, which was covered by the Policy that Defendant issued to Plaintiff[]."  (Id. ¶ 15)  "Plaintiff[] timely reported the Incident to Defendant and properly submitted Claim # 23842261 (hereinafter the "Claim") to Defendant for said water damage and losses."  (Id. ¶ 24)  "On or about August 20, 2020, Defendant disclaimed coverage for the water damage and losses comprising the Claim."  (Id. ¶ 26)

---

[2]  The Court's factual statement is derived from the pleadings.  See Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 302 (2d Cir. 2021) (emphasis omitted) ("[O]n a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint or answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice.").  Here, the pleadings include the FAC (Dkt. No. 19) and the Policy at issue, which is incorporated by reference in the FAC.  (See Cossolini Decl., Ex. 1 (Dkt. No. 28-1)).

[3]  Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

Plaintiff alleges "[u]pon information and belief, the water continued to damage or cause damage to the Plaintiff's Business and personal property within the Business at all times and including up to the time that Plaintiff was forced to surrender the premises to his landlord." (Id. ¶ 19)  "Plaintiff vacated and surrendered the premises of the Business on or about May 12, 2021."  (Id. ¶ 20)  "[T]he damage and/or loss resulting from the July 1, 2020 water leaks was continuous through May 12, 2021."  (Id. ¶ 21)  Plaintiff claims that "[d]espite Defendant's contractual duty under the Policy to fairly and properly adjust the Claim, Defendant failed and refused to compensate Plaintiff[] for any covered damages and losses arising out of the Incident."  (Id. ¶ 25)

The Policy contains a contractual limitations clause which reads as follows:

> Legal Action Against Us  No one may bring a legal action against us under this insurance unless:  a. There has been full compliance with all of the terms of this insurance; and b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Cossolini Decl., Ex. 1 (Dkt. No. 28-1) at 49)

## II.   PROCEDURAL HISTORY

The Complaint was filed in Supreme Court of the State of New York, New York County, on November 4, 2022.  (Notice of Removal, Ex. 1 (Dkt. No. 1-1))  Defendant removed the case to this District on December 5, 2022.  (Id.)

In a January 24, 2023 letter, Defendant Ohio Security sought permission to move for judgment on the pleadings.  (Jan. 24, 2023 Def. Ltr. (Dkt. No. 7))  On March 21, 2023, this Court granted Plaintiff leave to amend to address the purported "defects cited in Defendant's January 24, 2023 letter."  (Dkt. No. 11)

The Amended Complaint was filed on April 18, 2023.  (FAC (Dkt. No. 19))  On June 8, 2023, Defendant moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Def. Mot. (Dkt. No. 26))

## DISCUSSION

### I. RULE 12(c) STANDARD

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) (citing Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005)).  To survive a motion for judgment on the pleadings, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"'Judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings."'"  Allstate Ins. Co. v. Vitality Physicians Grp. Prac. P.C., 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021) (quoting VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A., 594 F. Supp. 2d 334, 339 (S.D.N.Y. 2008), aff'd, 355 F. App'x 507 (2d Cir. 2009); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)).  "Thus, a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations."  Lively, 6 F.4th at 302.  A motion for judgment on the pleadings is to be granted "only where, on the facts admitted by the non-moving party, the moving party is clearly entitled to judgment."  Transamerica Fin. Life Ins. Co. v. Session, 10 Civ. 1328 (HB), 2010 WL 4273294, at *2 (S.D.N.Y. Oct. 28, 2010) (citing Sellers, 842 F.2d at 642).

4

As noted above, "on a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint or answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." Lively, 6 F.4th at 306 (emphasis omitted).  "Where other extrinsic materials are submitted to the Court for consideration in connection with a 12(c) motion, the additional materials must either be excluded, or the motion must be converted to one for summary judgment under Fed. R. Civ. P. 56 after affording the parties the opportunity to conduct appropriate discovery and submit additional supporting materials." Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC, 11 Civ. 3327 (ER), 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013) (citing Fed. R. Civ. P. 12(d); Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)).

## II.   CONTRACTUAL LIMITATIONS CLAUSE

Defendant Ohio Security contends that Plaintiff's claims are time-barred given the policy provision stating that any legal action against it must be "brought within 2 years after the date on which the direct physical loss or damage occurred." (Def. Br. (Dkt. No. 27) at 13-17; Cossolini Decl., Ex. 1 (Dkt. No. 28-1) at 49)

Plaintiff contends that the contractual limitation is ambiguous and must be construed in favor of the insured. (Pltf. Opp. (Dkt. No. 30) at 13)  Plaintiff further argues that "the time limitations for the matter before the court should be calculated to accrue from May 12, 2021, not July 1, 2020." (Id. at 14)

### A.   Applicable Law

"Under New York law, insurance policies are interpreted according to general rules of contract interpretation." Olin Corp. v. Am. Home Assurance Co., 704 F.3d 89, 98 (2d Cir. 2012) (footnote omitted).

The elements of a breach of contract claim include "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Mindspirit, LLC v. Evalueserve Ltd., 346 F. Supp. 3d 552, 574 (S.D.N.Y. 2018) (quoting Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011)). "[W]hether the contract is ambiguous is a question of law for the court." Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010). "Contract provisions are unambiguous if they 'have a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion.'" LVP Assocs. L.L.C. v. Bank of China, N.Y. Branch, No. 17 Civ. 5274 (SHS), 2017 WL 5514523, at *4 (S.D.N.Y. Nov. 16, 2017) (omission in original) (quoting Breed v. Ins. Co. of N. Am., 46 N.Y.2d 351, 355 (1978)). By contrast, a contract is ambiguous "where its language is susceptible to multiple reasonable interpretations." Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 391 (S.D.N.Y. 2014) (citing Brad H. v. City of N.Y., 17 N.Y.3d 180, 186 (2011)). "Ambiguity will not be found," however, "'where one party's view strains the contract language beyond its reasonable and ordinary meaning.'" Governmental Emps. Ins. Co. v. Ohio Cas. Grp., 47 F. Supp. 3d 190, 194 (S.D.N.Y. 2014) (internal quotation marks omitted) (quoting Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992)). And "ambiguity does not exist 'simply because the parties urge different interpretations.'" Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 616 (2d Cir. 2001) (quoting Seiden Assocs., 959 F.2d at 428).

"'[E]xtrinsic evidence may not be considered unless the [contract] itself is ambiguous.'" Summit Health, 993 F. Supp. 2d at 390 (first alteration in original) (quoting Kasowitz, Benson, Torres & Friedman, LLP v. Duane Reade, 98 A.D.3d 403, 406 (1st Dept.

2012)); see also Int'l Multifoods Corp. v. Com. Union Ins. Co., 309 F.3d 76, 83 (2d Cir. 2002) (quoting Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, Eng., 136 F.3d 82, 86 (2d Cir. 1998)) ("'[I]f the court finds that the contract is not ambiguous[,] it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of extrinsic evidence.'").

B.   Analysis

The policy language at issue states: "No one may bring a legal action against us under this insurance unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (Cossolini Decl., Ex. 1 (Dkt. No. 28-1) at 49)

As an initial matter, Plaintiff does not contend that the limitations provision is unenforceable. (Pltf. Opp. (Dkt. No. 30) at 11 (acknowledging that "'[a]n agreement which modifies the statute of limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable'" (quoting Exec. Plaza, LLC v. Peerless Ins. Co., 22 N.Y.3d 511 (2014))

Plaintiff instead argues that the policy language is ambiguous because "[n]owhere in its Policy, Answer, Motion or any other document submitted by Defendant does Defendant define the terms, direct physical loss or damage." (Id. at 13 (emphasis in original)) According to Plaintiff, "the two-year time limitation set forth in the policy is ambiguous," the alleged "ambiguity should be construed in favor of the insured," and "the matter before this Court should be considered timely commenced on November 4, 202[2]." (Id. at 13)

While Plaintiff argues that the phrase "direct physical loss or damage" is ambiguous, "[a]mbiguity will not be found . . . 'where one party's view strains the contract language beyond its reasonable and ordinary meaning.'" Governmental Emps. Ins. Co. v. Ohio Cas. Grp., 47 F. Supp. 3d 190, 194 (S.D.N.Y. 2014) (internal quotation marks omitted) (quoting

7

Seiden Assocs., 959 F.2d at 428). Moreover, "[t]he lack of a definition [in an insurance policy] . . . does not render a word ambiguous. . . . Instead, it is appropriate to turn to dictionary definitions." Michael Cetta, Inc. v. Admiral Indem. Co., 506 F. Supp. 3d 168, 176 (S.D.N.Y. 2020) (internal citation and quotations omitted).

> The plain meaning of the phrase "direct physical loss of or damage to" . . . connotes a negative alteration in the tangible condition of property. See, e.g., Newman Myers Kreines Gross Harris, P.C. v. Great N. Ins. Co., 17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014) (holding that the phrase "direct physical loss or damage" "unambiguously[ ] requires some form of actual, physical damage to the insured premises"); Phila. Parking Auth. v. Fed. Ins. Co., 385 F. Supp. 2d 280, 288 (S.D.N.Y. 2005) (holding that the phrase "physical loss or damage" requires that "the interruption in business must be caused by some physical problem with the covered property"); see also Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn., 20 Civ. 4423, 492 F.Supp.3d 1051, 1056, (C.D. Cal. Oct. 2, 2020) (noting that an interpretation of the phrase "direct physical loss of" to include "deprivation of property without physical change in the condition of the property" would lack "manageable bounds") (internal quotation marks omitted).

Id.

Accordingly, the phrase "direct physical loss or damage" – despite not being defined in the policy – is not ambiguous. "A plain reading of 'physical loss' connotes a destruction or elimination of property, whereas 'physical damage' connotes tangible harm to property." John Gore Org., Inc. v. Fed. Ins. Co., 21 Civ. 2200 (PGG) (KHP), 2021 WL 6805891, at *6 (S.D.N.Y. Dec. 8, 2021), report and recommendation adopted, 2022 WL 873422 (S.D.N.Y. Mar. 23, 2022).

Plaintiff argues that the limitations provision is ambiguous as to when the limitations period begins to run. (Pltf. Opp. (Dkt. No. 30) at 12-13) The Second Circuit has held, however, that a "policy requir[ing] any action to be brought 'within two years after the date on which the direct physical loss or damage occurred'" contains "highly specific limitations language." Fabozzi v. Lexington Ins. Co., 601 F.3d 88, 92 (2d Cir. 2010); see also Classic

8

Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am., 16 Civ. 5440 (CS), 2017 WL 4350610, at *4-5 (S.D.N.Y. June 30, 2017), aff'd, 739 F. App'x 41 (2d Cir. 2018) ("both the Second Circuit and the New York Court of Appeals have analyzed the language 'after the date on which the direct physical loss or damage occurred'" to mean that "any lawsuit must be filed within two years of the physical loss or damage."); Northpointe Com. Park, LLC v. Cincinnati Ins. Co., 14 Civ. 587A, 2014 WL 7365931, at *5 (W.D.N.Y. Dec. 24, 2014), report and recommendation adopted, 2015 WL 1405385 (W.D.N.Y. Mar. 26, 2015) ("when parties use the phrase 'direct physical loss,' the shorter limitations period will run from the date of the physical event that causes property damage."). "'Direct' and 'physical' plainly modify both 'loss' and 'damage.' So on its face, the provision unambiguously refers to a single date: the one on which the fire, or storm, or flood, or other physical event occurs." Classic Laundry & Linen Corp, 2017 WL 4350610, at *4; Pfeffer v. Harleysville Grp., Inc., 10 Civ. 1619 (ALC), 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011), aff'd, 502 F. App'x 28 (2d Cir. 2012) (holding that identical policy language refers to "the date the subject property was damaged"); Lichter Real Estate No. Three, L.L.C. v. Greater N.Y. Ins. Co., 43 A.D.3d 366 (1st Dept. 2007) ("The policy at issue contained a provision that any legal action for coverage under it must be brought within two years of the date the direct physical loss or damage occurred. . . . Under New York law, the loss date is the date of the occurrence of the casualty or event insured against.") (internal quotation marks and citations omitted).

Here, the First Amended Complaint alleges that "water began to leak into Plaintiff's Business and personal property within the Business" on July 1, 2020. (FAC (Dkt. No. 19) ¶ 14) In an obvious attempt to evade the policy's limitations provision, Plaintiff pleads that "the damage and/or loss resulting from the July 1, 2020 water leaks was continuous through May

12, 2021." (Id. ¶ 21)  In so pleading, however, Plaintiff is merely acknowledging that the damage and loss results from a water leak that began on July 1, 2020.  And because "the [limitation] provision unambiguously refers to [the date] . . . on which the fire, or storm, or flood, or other physical event occurs," Classic Laundry & Linen Corp, 2017 WL 4350610, at *4, the Policy's limitations period began to run on July 1, 2020.  While there may have been continuing damage resulting from the water leak in the months that followed July 1, 2020, the policy language "directly refer[s] to the physical event that gave rise to the claimed damages."  No Hero Enterprises B.V. v. Loretta Howard Gallery Inc., 20 F. Supp. 3d 421, 426 (S.D.N.Y. 2014) ("the date on which the direct physical loss or damage occurred" "directly refer[s] to the physical event that gave rise to the claimed damages"); see also Lichter Real Est. No. Three, L.L.C. v. Greater New York Ins. Co., 43 A.D.3d 366, 366 (1st Dept. 2007) ("the date of the direct physical loss or damage from which plaintiff's two-year limitations period must . . . be measured was the date the steam riser broke, in November, 2002, as both plaintiff's loss of rent claim and its mold remediation claim were predicated on that event").

Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co., 18 N.Y.3d 765 (2012), cited by Plaintiff (Pltf. Opp. (Dkt. No. 30) at 14) is not to the contrary.  In that case, the New York Court of Appeals stated that the breach of contract "statute of limitations . . . [is] triggered when the party that was owed money had the right to demand payment, not when it actually made the demand." Hahn, 18 N.Y.3d at 771.  But Hahn is irrelevant here, because this case turns not on the statute of limitations for breach of contract under N.Y. C.P.L.R. 213(2), but instead on policy language that provides a different limitations period for asserting a claim under the policy.  As discussed above, the "highly specific limitations language" in the policy means "that the limitations period ran from the date of the [physical event]." Fabozzi, 601 F.3d at 92.

10

Because the water leak causing the physical damage occurred on July 1, 2020, and the Complaint was not filed until November 4, 2022, Plaintiff's claims are time-barred under the policy.

## **CONCLUSION**

For the reasons stated above, Defendant's motion for judgment on the pleadings is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 26), enter judgment, and close this case.

Dated: New York, New York
March 18, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

11